J-S22007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES DIRK ROBERTS | : | |
| | : | |
| Appellant | : | No. 1684 EDA 2025 |

Appeal from the Order Entered June 2, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003044-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JULY 2, 2026**

James Dirk Roberts purports to appeal from the order dated May 29, 2025, docketed on June 2, 2025. Roberts asserts the trial court abused its discretion in imposing conditions of probation that are not reasonably related to his rehabilitation. Because Roberts is challenging the judgment of sentence imposed on October 31, 2022, we quash this appeal.

The trial court set forth the relevant factual and procedural history:

This case stems from a negotiated guilty plea and sentencing on October 31, 2022. On October 31, 2022, [Roberts] entered a knowing, intelligent, and voluntary negotiated plea of guilty to five (5) counts of invasion of privacy.[a] [Roberts] was sentenced to an aggregate term of imprisonment for not less than one (1) nor more than two (2) years in a state correctional institution plus a consecutive term of probation for six (6) years, plus two (2) years of probation to run concurrent to his sentence on count 1.

[a] 2 counts pursuant to subsection 18 Pa.C.S.A. § 7507.1(a)(1) (M2) and 3 counts pursuant to subsection … 18 Pa.C.S.A. § 7507.1(a)(2) (M2).

At the sentencing hearing, the court imposed the following conditions of sentence related to conditions of supervision. As a condition of sentence, the court ordered [Roberts] to comply with the Montgomery County and/or Pennsylvania Parole Board rules, regulations and special conditions of supervision and electronic monitoring, if applicable. As a condition of sentence, the court ordered [Roberts] to comply with Montgomery County Rules, Regulations and Special Conditions of Sex Offender Supervision and/or State Standard Special Conditions for Sex Offenders, Supplemental Special Conditions for Sex Offenders, and Optional Special Conditions for Sex Offenders.

To provide context for the conditions regarding the rules and regulations of supervision, [Roberts] executed forms setting forth the conditions to which he was subject. Those forms were each attached, incorporated and imposed as part of the sentence on October 31, 2022. The forms are as follows. (1) Rules, regulations and special conditions of Montgomery County Adult Probation Supervision. (2) The "Conditions Governing Parole/Reparole." [Roberts] signed this form indicating he understood the conditions governing parole. (3) The "Standard Special Conditions for Sex Offenders." [Roberts] initialed and signed this form indicating he understood the conditions and rules being imposed upon him. (4) The "Supplemental Special Conditions for Sex Offenders" [Roberts] signed this form, which set forth rules relating to behaviors, rules relating to contraband, rules relating to travel and rules relating to treatment, acknowledging that he read and fully understood the conditions and rules imposed upon him and the penalties for violating them.

In addition, at the sentencing hearing on October 31, 2022, the court ordered [Roberts] to pay the costs of prosecution. The court ordered [Roberts] to comply with Tier III lifetime sex offender registration requirement pursuant to 42 Pa.C.S.A [§] 9799.15. The court ordered [Roberts] to have no unsupervised use of electronics. The court ordered [Roberts] to have no contact with victims and minors. The court ordered a psychosexual evaluation and ordered [Roberts] to comply with the treatment recommendations. The parties agreed to a delayed surrender and the court directed [Roberts] to report to the Montgomery County Correctional Facility on January 31, 2023 at 9:00 a.m. In addition, the court ordered [Roberts] to have assessment by the sexual offenders assessment board.

[Roberts] did not file any post-sentence motions. [Roberts] did not file a Notice of Appeal from the judgment of sentence.

Approximately two and a half (2 ½) years after [Roberts'] sentence was imposed, and after [Roberts] was released from State Prison, on or about April 26, 2025, [Roberts] filed a *pro se* Emergency Motion for Temporary Restraining Order related to his conditions of probation and parole supervision. He sought "judicial intervention to prevent irreparable harm to [his] constitutional rights, rehabilitation prospects, and ability to comply with the [c]ourt's actual sentencing order through arbitrary and capricious requirements of DOC 'Special Probation.'" He asked that: (1) probation officers cease enforcing conditions not specifically ordered by the court at sentencing; (2) treatment evaluation/intake appointment scheduled for April 30, 2025 be postponed; and (3) probation officers be restrained from enforcing "the total ban on electronic device usage; prior approval requirements for employment; overly broad vehicle operation restrictions; geographic travel restrictions that prevent [Roberts] from traveling to his approved residence in Philadelphia County; mandatory treatment without prior evaluation; requirements to sign any documents under threat of incarceration at the April 30, 2025 appointment; and other conditions not specifically ordered by [the court]."

On April 28, 2025, after a hearing on [Roberts'] emergency motion, the Honorable William R. Carpenter determined that the matter is not an emergency and directed Court Administration to schedule the matter in due course.

On May 19, 2025, the [trial court] issued an order scheduling [Roberts'] motion for temporary restraining order related to conditions of probation and parole supervision for May 27, 2025. The scheduling order referenced the matter as a ***Gagnon***[1] Hearing. At the hearing on May 27, 2025, the court clarified the nature of the hearing. Prior to scheduling, the court believed there was an allegation from state parole and probation that [Roberts] was not in compliance with the rules, regulations, and special conditions of supervision that the [c]ourt specifically ordered at sentencing. Accordingly, the court scheduled the matter for a

_____

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

*Gagnon* hearing. After conferring with the attorneys prior to the hearing, it was clear to the court that there was no probation/parole violation; there were questions about certain conditions of supervision that needed clarification.

∗∗∗

[Roberts'] counsel agreed that he wanted to obtain clarification …. Relating to additional conditions that [Roberts] wished to address, counsel stated the following:

> The last point I want to make. We won't get into this now. But as a standard procedure, the state, in cases like this, imposed a lot of extremely detailed conditions—extremely detailed, which seem to be sort of a one size fits all. And I think if they're imposed and the state insists on them and the defendant says, they're ridiculous, I'm not going to comply, that's something to be addressed at the *Gagnon* hearing.
>
> Just to give you two examples. He's prohibited from buying Halloween candy or buying a Halloween costume. He must, if he has a relationship or an appropriate relationship with an adult female, he has to disclose to the female his criminal history. And it goes on and on. There are a lot of restrictions which don't seem germane to, [in] any sense, the defendant's condition, and, in particular, his conviction. But I think we'll address those, if we need to, when there's an alleged violation, if anything.

The court stated to [Roberts] on the record that [it] would issue an order in writing clarifying the issues raised so that he has written clarity from the [c]ourt, which the court did on May 29, 2025.[2] At the hearing, the court explained the meaning of the conditions it imposed at sentencing on October 31, 2022. The court stated that [it] clearly explained the conditions of supervision and the court's expectations when imposing sentence on October 31, 2022. …

∗∗∗

_____

[2] This order was docketed on June 2, 2025.

The hearing on May 27, 2025 was not a **Gagnon** hearing; [Roberts] was not charged with any violation of probation or parole warranting any **Gagnon** hearing. The court did not conduct a probation/parole revocation hearing, probation/parole was never revoked and [Roberts] was never re-sentenced on any probation/parole violation. The hearing on May 27, 2025 was a status hearing to clarify questions [Roberts] posed as to the scope of his supervision. At the hearing, [Roberts] raised three distinct issues … for which he needed clarification. The court provided the requested clarification. [Roberts] affirmed he understood.

Following the hearing, on May 27, 2025, the court denied the *pro se* emergency motion for temporary restraining order. Following the hearing, as stated on the record, the [court] issued a written order on May 29, 2025 that clarified the terms and conditions of [Roberts'] supervision, as previously imposed at the sentencing hearing on October 31, 2022. The court did not increase any conditions of supervision. The court did not revoke supervision and impose a revocation sentence upon [Roberts] (there was no violation of probation or parole). Rather, the court provided clarification and definitions as to the conditions with which [Roberts] took issue, decreasing and/or narrowing the conditions related to use of electronic devices and travel restrictions. [Roberts] appeals from this order.

Trial Court Opinion, 1/13/26, 1-10 (some footnotes, unnecessary capitalization, and record citations omitted).

Roberts timely complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). Prior to the trial court filing its Rule 1925(a) opinion, this Court issued a Rule to Show Cause why the appeal should not be quashed as taken from an interlocutory order. The trial court thereafter authored an opinion requesting this Court allow it to withhold authoring a detailed Rule 1925(a) opinion until after this Court decides whether or not to quash the appeal as interlocutory.

After Roberts responded to this Court's Rule to Show Cause, the Court discharged the Rule and referred the matter to the merits panel. Thereafter, the trial court authored its Rule 1925(a) opinion on January 13, 2026. **See** Pa.R.A.P. 1925(a).

Roberts raises one issue for our review:

Did the trial court abuse its discretion in imposing conditions of probation that were unreasonable and that did not reasonably relate to [Roberts'] rehabilitation and crimes?

Appellant's Brief, at 7.

Before we can address the merits of Roberts claim on appeal, we must first determine if this Court has jurisdiction to hear his issue. "A court may consider the issue of jurisdiction *sua sponte*." **Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017) (citation omitted).

It is axiomatic that an appeal may be taken as of right only from a final order. Generally, in criminal matters, a defendant may appeal only from the judgment of sentence. An appeal prior to final judgment is permitted in exceptional circumstances, such as to prevent a great injustice, or when the issue involved is one of great public importance. Further, Pa.R.A.P. 708, which applies to probation revocation proceedings, implies that the right to appeal accrues after probation is revoked and sentence is imposed, at which time the defendant must be advised of his appellate rights.

**Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa. Super. 2005) (citations, quotation marks, and ellipsis omitted).

In response to our Rule to Show Cause, Roberts asserted he was appealing from the May 29, 2025, order docketed on June 2, 2025, and

claimed that order was a sentencing order. **See** Response to Rule to Show Cause, 8/25/25, at 4 (pagination added for ease of reference).

Both the trial court and the Commonwealth dispute that this order was a sentencing order. **See** Trial Court Opinion, 1/13/26, at 10; Appellee's Brief, at 11-12. The trial court explained, "Contrary to [Roberts'] claims, the court did not add any conditions that were not previously imposed at the sentencing hearing on October 31, 2022. As discussed, at the hearing on May 27, 2025, the court merely clarified previously imposed conditions of supervision." Trial Court Opinion, 1/13/26, at 15. The Commonwealth argues:

> [B]oth the hearing and subsequent orders maintained the status quo while clarifying the conditions of his probation from its original sentence. Importantly, clarification is what Roberts asked the court to provide at the hearing.
>
> Roberts' suggestion in his response to this Court's Rule to Show Cause, that the lower court's May … 2025 and June 2, 2025 orders were effectively sentencing orders, is inaccurate. No part of either order resembles a sentencing order. And again, the lower court never conducted a revocation hearing followed by resentencing.

Appellee's Brief, at 12-13.

We agree with both the trial court and Commonwealth. Roberts has not convincingly explained why this order is a sentencing order when all it does is clarify the original conditions of probation imposed on October 31, 2022. The order did not add any conditions of supervision that were not already imposed on October 31, 2022. **Compare** N.T. Guilty Plea/Sentencing, 10/31/22, at 11-17, 37-38, Exhibits D-2, D-5, D-6, and D-7, **with** N.T. Hearing, 5/27/25, at 7-11; Order, 6/2/25, at 1-3 (pagination added for ease of reference). Roberts

was not subject to a revocation hearing and resentencing. Therefore, the June 2, 2025 order was not a final, appealable order. *See Heilman*, 876 A.2d at 1026. Hence, we are constrained to quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2026